IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VINCENT J. BIFOLCK, AS EXECUTOR OF THE ESTATE OF JEANETTE D. BIFOLCK, AND INDIVIDUALLY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>PHILIP MORRIS USA INC.,<br><br>　　　　Defendant. | Case No. 3:06cv1768(SRU) |

**PHILIP MORRIS USA INC.'S ANSWER TO
PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Philip Morris USA Inc. (formerly known as "Philip Morris Incorporated" and hereinafter referred to as "Philip Morris USA")[1] responds to Plaintiff's Second Amended Complaint ("Complaint") as follows:

Philip Morris USA admits that Plaintiff purports to bring this action in the capacity alleged and pursuant to the statutory provisions referenced in the unnumbered "Introduction" Paragraph, but denies that Plaintiff is entitled to the relief requested in this Paragraph or any relief whatsoever. Philip Morris USA denies the remaining allegations of the unnumbered "Introduction" Paragraph.

1.　　Philip Morris USA admits that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Philip Morris USA also admits that Plaintiff alleges that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, but denies that

---

[1] Effective January 15, 2003, Philip Morris Incorporated changed its legal name to Philip Morris USA Inc.

Plaintiff is entitled to the relief requested or any relief whatsoever. Philip Morris USA further admits that venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

2. Philip Morris USA admits that Plaintiff is the widower of Jeanette D. Bifolck and the Executor of her Estate; Plaintiff brings this action in his capacity as Executor of the Estate of Jeanette D. Bifolck and individually; and, as of the date of Plaintiff's June 30, 2004, deposition, Plaintiff was a resident of Vernon, Connecticut. Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is currently a resident of Vernon, Connecticut.

3. Philip Morris USA admits that it is a Virginia corporation with its principal place of business located in Richmond, Virginia. Philip Morris USA states that it is unable to respond to the remaining allegations of Paragraph 3 in any meaningful manner because the phrase "[a]t all times mentioned herein" is not defined in the Complaint. To the extent a response is required, Philip Morris USA admits that it manufactures and markets its cigarettes, including Marlboro and, in the past, Marlboro Lights[2] cigarettes, in the United States, and that has distributed its cigarettes to its direct customers for ultimate resale to consumers of legal age for purchasing cigarettes throughout the United States, including the State of Connecticut. Philip Morris USA denies the remaining allegations of Paragraph 3.

1. - 3. Philip Morris USA restates, realleges, and incorporates by reference its responses to Paragraphs 1 through 3 of the Complaint as if fully set forth herein.

---

[2] Philip Morris USA states that, as of June 22, 2010, the Family Smoking Prevention and Tobacco Control Act ("FSPTCA"), 21 U.S.C. 301, 123 stat. 1781, prohibits the use of "light," "ultra light," "mild," "low," or similar descriptors in the manufacture, marketing, and distribution of tobacco products. All references to products with such descriptors are for historical purposes only.

4. Philip Morris USA admits that it has designed, manufactured, marketed, and promoted its cigarettes, including Marlboro and, in the past, Marlboro Lights cigarettes, in the United States, and that it has distributed its cigarettes to its direct customers for ultimate resale to consumers of legal age for purchasing cigarettes throughout the United States, including the State of Connecticut. Philip Morris USA denies the remaining allegations of Paragraph 4.

5. Philip Morris USA denies the allegations of Paragraph 5.

6. Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies the same.

7. Philip Morris USA admits that, in approximately 1997, Jeanette D. Bifolck switched from Marlboro to Marlboro Light cigarettes. Philip Morris USA denies the allegations of Paragraph 7 to the extent they are intended to assert that Marlboro or Marlboro Light cigarettes prevented Plaintiff's decedent from quitting, or that Plaintiff's decedent was unable to quit smoking, had she decided to do so.

8. Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies the same.

9. Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies the same.

10. Philip Morris USA admits that Jeanette D. Bifolck incurred medical expenses for care and treatment of her cancer, including radiation treatment and chemotherapy. Philip Morris USA denies the remaining allegations of Paragraph 10.

11. Philip Morris USA admits that Mrs. Bifolck died on March 9, 2000, at the age of 42, as a result of cancer, and the medical complications thereof, including extensive metastasis and respiratory failure. Philip Morris USA is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations of Paragraph 11 and, therefore, denies the same.

12. Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, denies the same.

13. Philip Morris USA admits the allegations of Paragraph 13.

14. Philip Morris USA admits the allegations of Paragraph 14.

15. Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies the same.

16. Philip Morris USA admits the allegations of Paragraph 16.

17. Paragraph 17 asserts legal conclusions to which no response is required. To the extent a response is required, Philip Morris USA denies that Plaintiff is entitled to the relief requested in Paragraph 17, or any relief whatsoever. Philip Morris USA denies the remaining allegations of Paragraph 17.

18. Philip Morris USA admits that it has manufactured and marketed its cigarettes, including Marlboro and, in the past, Marlboro Lights cigarettes, in the United States, and that it has distributed its cigarettes to its direct customers for ultimate resale to consumers of legal age for purchasing cigarettes throughout the United States, including the State of Connecticut. Philip Morris USA denies the remaining allegations of Paragraph 18.

19. Philip Morris USA denies the allegations of Paragraph 19.

20. Philip Morris USA states that cigarettes contain tobacco and that nicotine occurs naturally in tobacco. Philip Morris USA admits that technology exists to reduce some, but not all, of the nicotine in cigarettes. Philip Morris USA denies the remaining allegations of Paragraph 20.

21. Philip Morris USA denies the allegations of Paragraph 21.

22. Philip Morris USA denies the allegations of Paragraph 22.

23. Philip Morris USA denies the allegations of Paragraph 23.

24. Philip Morris USA denies the allegations of Paragraph 24.

25. Philip Morris USA denies the allegations of Paragraph 25.

26. Philip Morris USA denies the allegations of Paragraph 26.

27. Philip Morris USA denies the allegations of Paragraph 27.

28. Philip Morris USA denies the allegations of Paragraph 28.

29. Philip Morris USA denies the allegations of Paragraph 29.

30. Philip Morris USA denies the allegations of Paragraph 30.

31. Philip Morris USA denies the allegations of Paragraph 31.

32. Paragraph 32 asserts legal conclusions to which no response is required. To the extent a response is required, Philip Morris USA denies the allegations of Paragraph 32.

33. Paragraph 33 asserts legal conclusions to which no response is required. To the extent a response is required, Philip Morris USA denies the allegations of Paragraph 33.

34. Philip Morris USA admits that it intends that its cigarettes reach ultimate users in substantially the same condition as when manufactured, but is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 regarding whether its cigarettes did reach Plaintiff's decedent without substantial change in the condition in which they were manufactured and, therefore, denies the same. Philip Morris USA denies the remaining allegations of Paragraph 34.

35. Paragraph 35 asserts legal conclusions to which no response is required. To the extent a response is required, Philip Morris USA denies the allegations of Paragraph 35.

36. Paragraph 36 asserts legal conclusions to which no response is required. To the extent a response is required, Philip Morris USA denies the allegations of Paragraph 36.

37. Paragraph 37 asserts legal conclusions to which no response is required. To the extent a response is required, Philip Morris USA denies the allegations of Paragraph 37.

1. - 37. Philip Morris USA restates, realleges, and incorporates by reference its responses to the preceding Paragraphs 1 through 37 of the Complaint as if fully set forth herein.

38. Philip Morris USA admits that Plaintiff Vincent J. Bifolck married Jeanette D. Bifolck in 1976, and remained married to her until her death in March 2000. Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 38 and, therefore, denies the same.

39. Paragraph 39 asserts legal conclusions to which no response is required. To the extent a response is required, Philip Morris USA denies the allegations of Paragraph 39.

40. Paragraph 40 asserts legal conclusions to which no response is required. To the extent a response is required, Philip Morris USA denies the allegations of Paragraph 40.

41. Paragraph 41 asserts legal conclusions to which no response is required. To the extent a response is required, Philip Morris USA denies the allegations of Paragraph 41.

42. Paragraph 42 asserts legal conclusions to which no response is required. To the extent a response is required, Philip Morris USA denies the allegations of Paragraph 42.

WHEREFORE, Philip Morris USA denies that Plaintiff is entitled to the relief requested in the Prayer for Relief or any relief whatsoever.

Philip Morris USA denies each and every allegation of the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and repose.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, equitable estoppel, and ratification.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of *res judicata*, estoppel, and by executed releases of the State of Connecticut.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the sale of cigarettes to persons of legal age for purchasing cigarettes is a legal activity in the State of Connecticut.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that the claims or the relief sought are moot.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because they violate Philip Morris USA's rights under the First Amendment to the United States Constitution and Conn. Const., art. 1, §§ 4, 5, and 14, which protect the rights to freedom of speech, to petition the government, and to freedom of association.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the Supremacy Clause of the United States Constitution, art. VI, § 2, because those claims are expressly and impliedly preempted or precluded by federal law, including, but not limited to, the Federal Cigarette Labeling and Advertising Act, 15 U.S.C. §§ 1331, *et seq.*, and the Federal Trade Commission's policies and regulations regarding the cigarette industry.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the *Noerr-Pennington* Doctrine, to the extent that Plaintiff's claims are premised, in whole or in part, on alleged statements or conduct in judicial, legislative, or administrative proceedings, of any kind or at any level of government.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because they violate the Due Process provisions of the Fifth Amendment and § 1 of the Fourteenth Amendment to the United States Constitution, as well as Conn. Const., art. 1, §§ 8, 10, to the extent they seek to deprive Philip Morris USA of procedural and substantive safeguards, including traditional defenses to liability.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

**TWELFTH AFFIRMATIVE DEFENSE**

Philip Morris USA is entitled to set-off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by Plaintiff and/or Plaintiff's decedent with respect to the same alleged injuries. Philip Morris USA is also entitled to have any damages that

may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff and/or Plaintiff's decedent from any collateral source.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff and Plaintiff's decedent failed to mitigate any injuries and damages they have allegedly suffered.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover on the claims pleaded in the Complaint because the damages sought are too speculative and remote.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by settlement or accord and satisfaction of his claims.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages cannot be sustained, because Connecticut laws regarding the standards for determining liability for, and the amount of, punitive damages fail to give Philip Morris USA adequate prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of Philip Morris USA's due process rights guaranteed by the United States and Connecticut Constitutions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Connecticut Constitution, art. 1, §§ 8, 10, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution forbid punishing Philip Morris USA simply for lawfully selling a legal product.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Punitive damages are inappropriate because current circumstances are such that they would serve no legitimate deterrent or retributive purpose.

### NINETEENTH AFFIRMATIVE DEFENSE

No punishment may be imposed for conduct that occurred outside the applicable statutes of limitations and repose.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims for equitable relief are barred, in whole or in part, by the equitable doctrine of unclean hands, the legal doctrine of *in pari delicto*, and the maxim that "one who seeks equity must do equity."

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief requested in the Complaint because the Court lacks any sufficiently certain, nonspeculative basis for fashioning such relief.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's and/or Plaintiff's decedent's comparative negligence, fault, responsibility, or want of due care, including Plaintiff's decedent's choice to smoke. Plaintiff is therefore barred from any recovery, or any recoverable damages must be reduced in proportion to the amount of negligence, fault, and/or responsibility attributable to Plaintiff and/or Plaintiff's decedent.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

If Plaintiff and Plaintiff's decedent were injured or damaged, which alleged injuries and damages are denied, such alleged injuries and damages were caused solely or proximately by the acts, wrongs, or omissions of Plaintiff and/or Plaintiff's decedent; by preexisting conditions, or

by forces, and/or things over which Philip Morris USA had no control and for which Philip Morris USA is not responsible and not liable.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

If Plaintiff and Plaintiff's decedent have sustained any injuries or incurred any damages, such injuries and damages, if any, were the result of intervening or superseding events, factors, occurrences or conditions, which were in no way caused by Philip Morris USA and for which Philip Morris USA is not responsible and not liable.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of the risk.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's and/or Plaintiff's decedent's consent.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the proximate cause of any alleged injuries and damages was Plaintiff's decedent's choice to smoke.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff's claims are based on an alleged duty to disclose the risks associated with cigarette smoking, such claims are barred because such risks, at all relevant times, have been commonly known.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Philip Morris USA avers that it did not know, and in light of the existing reasonably available scientific and technological knowledge, could not have known of (a) the design characteristics, if any, that allegedly caused the injuries and damages complained of herein or the

alleged danger of such characteristics, and/or (b) any alternative design referred to by Plaintiff. Philip Morris USA further avers that any alternative design was neither feasible, either scientifically or technologically, nor economically practical.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any cigarettes manufactured and sold by Philip Morris USA are, and always have been, consistent with available technological, medical, scientific, and industrial state-of-the-art and comply, and have complied, with all applicable governmental regulations.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

If any defects existed with respect to Philip Morris USA's cigarettes, as alleged in the Complaint, any such defects were open and obvious to foreseeable users, including Plaintiff's decedent. Accordingly, Plaintiff cannot recover herein against Philip Morris USA.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Philip Morris USA hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case and hereby reserves its right to amend its Answer to assert any such defenses.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Philip Morris USA intends to rely upon and reserves its right to assert other and related defenses, as may become available in the event of a determination that this action, or some part thereof, is governed by the substantive law of a state other than the State of Connecticut.

### JURY DEMAND

Philip Morris USA requests a trial by jury on all issues.

### PRAYER FOR RELIEF

WHEREFORE, Philip Morris USA respectfully requests and prays as follows:

1. That Plaintiff takes nothing by his Complaint;

2. That this action be dismissed with prejudice as to Philip Morris USA;

3. That Philip Morris USA recover its costs of suit, including reasonable attorney's fees; and

4. For such other relief as the Court deems just and proper.

Respectfully submitted,

By: /s/ Scott D. Kaiser
Frank P. Kelly, Esq. (*pro hac vice*)
SHOOK, HARDY & BACON LLP
One Montgomery, Suite 2700
San Francisco, California 94104
Tel: (415) 544-1900
Fax: (415) 391-0281
Email: fkelly@shb.com

Geoffrey J. Michael, Esq. (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel: (202) 942-6752
Fax: (202) 942-5999
Email: geoffrey.michael@apks.com

Scott D. Kaiser, Esq. (*pro hac vice*)
SHOOK, HARDY & BACON LLP
2555 Grand Boulevard
Kansas City, Missouri 64108
Tel: (816) 474-6550
Fax: (816) 421-5547
Email: skaiser@shb.com

and

Francis H. Morrison III (ct04200)
John M. Tanski (ct27529)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square, 9th Floor
Hartford, Connecticut 06103
Tel: (860) 275-8100
Fax: (860) 275-8101
Email: fmorrison@axinn.com
       jtanski@axinn.com

**Attorneys for Defendant Philip Morris USA Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2017, a copy of foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    /s/ Scott D. Kaiser